Freeman, J.,
delivered the opinion of the court.
This bill was filed in November, 1866, by com *656 plainants for themselves, nominally, but evidently by collusion with the defendant John Rogers, the real object being to set aside a sale of the land in controversy, made by John Rogers in 18.63, to J. W. Simpson, for $7,000 in Confederate money.
It is filed by complainants against Simpson, the said John Rogers and about twenty-five others, alleged to be the heirs of Jeremiah Rogers, who died in Hamilton county in 1836 or in 1837, and charges that he left complainants and defendants, except Simpson, his only heirs and distributees; that he was seized of the land mentioned, and that defendant John Rogers, by and with the consent of all the other heirs and distributees, as well as with the consent of complainants, took possession of the land, and that the possession was taken not adversely to any of the heirs of the said Jeremiah. That this possession continued till 1860 or 1861, or about that time during the late rebellion, when John Rogers sold the land to Simpson, and conveyed the same to him, and received therefor Confederate notes which were of no value, and that said transaction was a fraud on complainants, and the other defendants, the heirs of Jeremiah Rogers.
Allen Rogers then charges that John Rogers is insolvent, and that in 1853 he had borrowed from him $800, and at the same time borrowed from one Jeremiah Rogers, $300, on which he (Allen) was security. The bill prays, that the conveyance to Simpson, as a cloud on the title of the heirs be removed, for an account of rents and profits, and the undivided inter *657 est of John Rogers be subject to the debts mentioned, and then the lands divided among- the legal representatives, or for sale for this purpose.
A demurrer, filed to this bill by Simpson, was overruled by the court, but as it is not special except as to want of all parties, need not be noticed. An answer was filed by John Rogers, in which he very accommodatingly admits all the allegations of the bill. The Chancellor on overruling the demurrer, allowed defendant Simpson to insist on the causes set forth in his answer, which was done by setting them out specially. The ground of multifariousness is the only one we need notice. Jt is, that one of the complainants seeks to enforce a private debt, when the general object of the bill is for partition, or sale for distribution among the heirs. This objection tvas unquestionably well taken. The claim for an enforcement of his private debt against John Rogers’ interest in the estate, as one of the heirs of Jeremiah Rogers, had no connection whatever with the right of the heirs to have a partition of the estate, and could not properly be joined with such claim for partition.
Two amended bills were filed by complainants. In the first, the only matter of importance necessary to be noticed, show's or charges that John Rogers borrowed the $800 mentioned to pay the amount due the other heirs for their shares of the land, which he' really purchased by parol agreement in August, 1837, as' is shown by the proof taken on the original bill, and that it was agreed that the interest of John Rogers in this land should to the extent of said sums *658 vest in Allen Rogers, and that the land be charged to that extent, and claims a resulting trust to that extent. It charges that Simpson had notice of the equities of others as shown in this bill, and that John Rogers had no such legal interest in the land as entitled him to convey it. This bill prays that a resulting trust be set up, and a lien be declared' for this money as purchase money.
To this bill a demurrer was filed which was sustained by the court, and properly, as no resulting trust or lien could arise in favor of complainants, on the facts stated in the bill.
Thereupon another amended bill was filed, which presents little additional matter, but insists on a partition, because there had been no written contract of sale between the parties in 1837. We need not recite the fact at length in this amended bill, suffice it to say a demurrer was filed, and on the hearing the Chancellor allowed the demurrer to the original and amended bills, and dismissed them, from which an appeal is prayed to this court.
The decree of the Chancellor is certainly correct. The first bill was clearly multifarious, and not sustainable; the amended bills did not cure the defects, and are not consonant with the original bill, and are more objectionable than the original bill, so that the original defect was not' only not cured, but was increased by the amendments.
Without discussing the case at length, we affirm the Chancellor’s decree, with costs.